IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC.,<br>555 13th Street, N.W.<br>Suite 500 West<br>Washington, D.C. 20004,<br><br>     Plaintiff,<br><br>  v.<br><br>CECIL HARRIS<br>8326 Harris Road<br>Denham Springs, Louisiana 70726,<br><br>     Defendant. | Case No. 1:07CV00423 RWR<br><br>FIRST AMENDED COMPLAINT |

Plaintiff America's Choice, Inc., by its attorneys Katten Muchin Rosenman LLP, for its first amended complaint herein against Defendant Cecil Harris, respectfully alleges:

## Jurisdiction and Venue

1. The subject matter jurisdiction of this Court is founded on 28 U.S.C. § 1332(a)(1), in that plaintiff is a citizen of the District of Columbia, and defendant is a citizen of the State of Louisiana, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, all as hereinafter more fully appears.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(3), in that defendant is subject to personal jurisdiction in the District of Columbia, and to 28 U.S.C. § 1391(a)(2), in that the District of Columbia is a district in which a substantial part of the alleged acts or omissions giving rise to the claim occurred.

**Nature of the Action**

3.  This is an action for breach of the duty of loyalty owed by defendant to plaintiff and for declaratory relief concerning a contract, and seeks damages and a declaratory judgment pursuant to 28 U.S.C. § 2201-2202.

**Parties**

4.  Plaintiff America's Choice, Inc. ("America's Choice") is a corporation duly organized and existing under the laws of the State of Delaware, and having its principal place of business in the District of Columbia.

5.  Defendant Cecil Harris ("Harris") is a citizen of the State of Louisiana, residing in Denham Springs, Louisiana.

**Facts Common to the Claims for Relief**

6.   America's Choice is engaged in the business of providing academic solutions through consultancy, publishing, professional development training, and materials and program offerings to public schools, public school districts, and states nationwide in connection with public school reform and improvement.  America's Choice is a for-profit subsidiary of the National Center on Education and the Economy, a not-for-profit corporation.

7.   On or about August 10, 2005, America's Choice and Harris entered into an employment relationship pursuant to which America's Choice would employ Harris as a salaried sales development associate.

2

8.   The employment relationship was documented in part by an offer letter and by various other documents relating to the policies and practices of America's Choice in paying sales commissions.

9.   As an employee of America's Choice, Harris owed to America's Choice multiple fiduciary duties, among them a duty of loyalty.  The duty of loyalty encompasses, at the least, the obligation on the part of an employee to diligently perform the duties of his or her position and to refrain from taking any action that would frustrate or impede his or her performance.

10.   Commencing in or about August 2006, and extending through December 30, 2006, without excuse or justification of any kind, and without notice to America's Choice, Harris effectively ceased to perform the essential duties of his position with America's Choice.

11.   As a result of Harris's ceasing to perform the essential duties of his position with America's Choice, America's Choice was injured in that it lost potential and valuable business.

12.   In failing and refusing to perform those duties, Harris breached his duty of loyalty to America's Choice.

13.   America's Choice has sustained damages by reason of Harris's breach in an amount to be proven at trial.

14.   In late 2006, Harris voluntarily terminated his employment with America's Choice effective December 31, 2006.

15.   America's Choice has fully performed its obligations to Harris in respect with his employment relationship with America's Choice.

16.   Since the date of the termination of his employment, Harris has contended that America's Choice owes him substantial monies, exceeding $557,000, in the form of commissions allegedly due him as the result of his employment.

17.   America's Choice contends that it does not owe Harris any commissions whatsoever, and that it has paid Harris all compensation due to him in connection with his employment.

18.   There is an actual and existing concrete controversy between the parties relating to whether any commissions are due and owing to Harris in connection with his employment by America's Choice.

### Facts Demonstrating Personal Jurisdiction

19.   In connection with and in the course of his employment, Harris had significant contacts with the District of Columbia certain of which are alleged below.

20.   Harris applied for the position of sales development associate in August 2005 by completing and sending an employment application to America's Choice's D.C. headquarters.

21.   Harris signed an offer letter from America's Choice's D.C. headquarters and returned the same to the D.C. headquarters.

22.   Harris was physically present in the District of Columbia, at the headquarters of America's Choice, on at least one occasion in furtherance of his

employment relationship with America's Choice and for the purpose of receiving the specialized employee training.

23.   Harris's pay stubs were issued from the America's Choice headquarters in the District of Columbia.

24.   Harris's employee manual was issued to him from the America's Choice human resources department in the District of Columbia via FedEx.

25.   Following the occasion on which he was physically present in the District of Columbia in connection with this employment, Harris returned to the DC Metro area at least two additional times for sales training.

26.   Harris had regular telephone contact with various members of America's Choice's staff, including its Chief Financial Officer, Vice President of Legal and Business Affairs, and Director of Human Resources, among others, in the District of Columbia regarding sales updates and other business related issues throughout his employment with America's Choice.

27.   Harris placed several calls to the America's Choice human resources department and to the America's Choice contracting department in connection with the negotiations of the contract for which Harris has sought commission payments.

28.   Harris's e-mail while an employee of America's Choice was routed through a server that was located in the District of Columbia.  Harris's saved e-mails from his America's Choice e-mail account were physically stored on servers located in the District of Columbia.

29. All of Harris's IT equipment was issued out of DC and returned thereto after he terminated his employment with America's Choice.

## FIRST CLAIM FOR RELIEF

## BREACH OF DUTY OF LOYALTY

30. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "33" of this complaint, as if fully set forth at length herein.

31. By reason of the foregoing, Harris breached his duty of loyalty to America's Choice, and America's Choice has been injured by such breach.

32. America's Choice is entitled to recover damages from Harris in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

## DECLARATORY JUDGMENT

33. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "36" of this complaint, as if fully set forth at length herein.

34. The parties' dispute with respect to whether America's Choice owes Harris any sums as commissions pursuant to or in connection with his former employment relationship with America's Choice presents an actual controversy within the meaning of 28 U.S.C. § 2201.

35. America's Choice seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that it does not owe Harris any sums as commissions pursuant to or in connection with his former employment relationship with America's Choice.

WHEREFORE, plaintiff demands judgment against defendant granting it (a) damages in an amount to be proven at trial, (b) an appropriate declaratory judgment, and (c) such other and further relief as may be just and proper in the circumstances.

Dated: Washington, D.C.
        March 27, 2007

KATTEN MUCHIN ROSENMAN LLP


By:_____/s/_____
        Ugo Colella (D.C. Bar No. 473348)
        1025 Thomas Jefferson Street, N.W.
        East Lobby, Suite 700
        Washington, D.C. 20007
        Phone: (202) 625-3755
        Fax:    (202) 295-1174


Of Counsel:

Martin E. Karlinsky, Esq.
(D.C. Bar No. 447859)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
(212) 940-8800

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICA'S CHOICE, INC.,                    )
555 13th Street, N.W.                      )
Suite 500 West                            )
Washington, D.C. 20004,                   )
                                          )       Case No. 1:07CV00423 RWR
                        Plaintiff,        )
                                          )       FIRST AMENDED COMPLAINT
            v.                            )
                                          )
CECIL HARRIS                              )
8326 Harris Road                          )
Denham Springs, Louisiana 70726,          )
                                          )
                        Defendant.        )
_____  )

Plaintiff America's Choice, Inc., by its attorneys Katten Muchin

Rosenman LLP, for its first amended complaint herein against Defendant Cecil Harris,

respectfully alleges:

**Jurisdiction and Venue**

1.  The subject matter jurisdiction of this Court is founded on 28 U.S.C.

§ 1332(a)(1), in that plaintiff is a citizen of the District of Columbia, and defendant is a

citizen of the State of Louisiana, and the amount in controversy, exclusive of interest

and costs, exceeds the sum or value of $75,000.00, all as hereinafter more fully

appears.

2.  Venue is proper in this Judicial District pursuant to 28 U.S.C. §

1391(a)(3), in that Defendant is subject to personal jurisdiction in the District of

Columbia, and to 28 U.S.C. § 1391(a)(2), in that the District of Columbia is a district

in which a substantial part of the alleged acts or omissions giving rise to the claim

occurred.

**Nature of the Action**

3.   This is an action for breach of the duty of loyalty owed by Defendant to Plaintiff and for declaratory relief concerning a contract, and seeks damages and a declaratory judgment pursuant to 28 U.S.C. § 2201-2202.

**Parties**

4.   Plaintiff America's Choice, Inc. ("America's Choice") is a corporation duly organized and existing under the laws of the State of Delaware, and having its principal place of business in the District of Columbia.

5.   Defendant Cecil Harris ("Harris") is a citizen of the State of Louisiana, residing in Denham Springs, Louisiana.

**Facts Common to the Claims for Relief**

6.   America's Choice is engaged in the business of providing academic solutions through consultancy, publishing, professional development training, and materials and program offerings to public schools, public school districts, and states nationwide in connection with public school reform and improvement.  America's Choice is a for-profit subsidiary of the National Center on Education and the Economy, a not-for-profit corporation.

7.   On or about August 10, 2005, America's Choice and Harris entered into an employment relationship pursuant to which America's Choice would employ Harris as a salaried sales development associate.

2

8.    The employment relationship was documented in part by an offer letter and by various other documents relating to the policies and practices of America's Choice in paying sales commissions.

9.    As an employee of America's Choice, Harris owed to America's Choice multiple fiduciary duties, among them a duty of loyalty. The duty of loyalty encompasses, at the least, the obligation on the part of an employee to diligently perform the duties of his or her position and to refrain from taking any action that would frustrate or impede his or her performance.

10.    Commencing in or about August 2006, and extending through December 30, 2006, without excuse or justification of any kind, and without notice to America's Choice, Harris effectively ceased to perform the essential duties of his position with America's Choice.

11.    As a result of Harris's ceasing to perform the essential duties of his position with America's Choice, America's Choice was injured in that it lost potential and valuable business.

12.    In failing and refusing to perform those duties, Harris breached his duty of loyalty to America's Choice.

13.    America's Choice has sustained damages by reason of Harris's breach in an amount to be proven at trial.

14.    In late 2006, Harris voluntarily terminated his employment with America's Choice effective December 31, 2006.

15.   America's Choice has fully performed its obligations to Harris in respect with his employment relationship with America's Choice.

16.   Since the date of the termination of his employment, Harris has contended that America's Choice owes him substantial monies, exceeding $557,000, in the form of commissions allegedly due him as the result of his employment.

17.   America's Choice contends that it does not owe Harris any commissions whatsoever, and that it has paid Harris all compensation due to him in connection with his employment.

18.   There is an actual and existing concrete controversy between the parties relating to whether any commissions are due and owing to Harris in connection with his employment by America's Choice.

### Facts Demonstrating Personal Jurisdiction

19.   In connection with and in the course of his employment, Harris had significant contacts with the District of Columbia certain of which are alleged below.

20.   Harris applied for the position of sales development associate in August 2005 by completing and sending an employment application to America's Choice's D.C. headquarters.

21.   Harris signed an offer letter from America's Choice's D.C. headquarters and returned the same to the D.C. headquarters.

22.   Harris was physically present in the District of Columbia, at the headquarters of America's Choice, on at least one occasion in furtherance of his

employment relationship with America's Choice and for the purpose of receiving the specialized employee training.

23.  Harris's pay stubs were issued from the America's Choice headquarters in the District of Columbia.

24.  Harris's employee manual was issued to him from the America's Choice human resources department in the District of Columbia via FedEx.

25.  Following the occasion on which he was physically present in the District of Columbia in connection with this employment, Harris returned to the DC Metro area at least two additional times for sales training.

26.  Harris had regular telephone contact with various members of America's Choice's staff, including its Chief Financial Officer, Vice President of Legal and Business Affairs, and Director of Human Resources, among others, in the District of Columbia regarding sales updates and other business related issues throughout his employment with America's Choice.

27.  Harris placed several calls to the America's Choice human resources department and to the America's Choice contracting department in connection with the negotiations of the contract for which Harris has sought commission payments.

28.  Harris's e-mail while an employee of America's Choice was routed through a server that was located in the District of Columbia.  Harris's saved e-mails from his America's Choice e-mail account were physically stored on servers located in the District of Columbia.

29.  All of Harris's IT equipment was issued out of DC and returned thereto after he terminated his employment with America's Choice.

### FIRST CLAIM FOR RELIEF

### BREACH OF DUTY OF LOYALTY

30.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 of this complaint, as if fully set forth at length herein.

31.  By reason of the foregoing, Harris breached his duty of loyalty to America's Choice, and America's Choice has been injured by such breach.

32.  America's Choice is entitled to recover damages from Harris in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

33.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 of this complaint, as if fully set forth at length herein.

34.  The parties' dispute with respect to whether America's Choice owes Harris any sums as commissions pursuant to or in connection with his former employment relationship with America's Choice presents an actual controversy within the meaning of 28 U.S.C. § 2201.

35.  America's Choice seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that it does not owe Harris any sums as commissions pursuant to or in connection with his former employment relationship with America's Choice.

WHEREFORE, plaintiff demands judgment against defendant granting it (a) damages in an amount to be proven at trial, (b) an appropriate declaratory judgment, and (c) such other and further relief as may be just and proper in the circumstances.

Dated: Washington, D.C.
        March 27, 2007

                                        KATTEN MUCHIN ROSENMAN LLP


                                        By:_____/s/_____
                                              Ugo Colella (D.C. Bar No. 473348)
                                              1025 Thomas Jefferson Street, N.W.
                                              East Lobby, Suite 700
                                              Washington, D.C. 20007
                                              Phone:  (202) 625-3755
                                              Fax:    (202) 295-1174


                                        Of Counsel:

                                        Martin E. Karlinsky, Esq.
                                        (D.C. Bar No. 447859)
                                        KATTEN MUCHIN ROSENMAN LLP
                                        575 Madison Avenue
                                        New York, New York 10022-2585
                                        (212) 940-8800

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICA'S CHOICE, INC.,<br>555 13th Street, N.W.<br>Suite 500 West<br>Washington, D.C. 20004,<br><br>          Plaintiff,<br><br>    v.<br><br>CECIL HARRIS<br>8326 Harris Road<br>Denham Springs, Louisiana 70726,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:07CV00423 RWR<br><br>FIRST AMENDED COMPLAINT |

Plaintiff America's Choice, Inc., by its attorneys Katten Muchin Rosenman LLP, for its first amended complaint herein against Defendant Cecil Harris, respectfully alleges:

### Jurisdiction and Venue

1. The subject matter jurisdiction of this Court is founded on 28 U.S.C. § 1332(a)(1), in that plaintiff is a citizen of the District of Columbia, and defendant is a citizen of the State of Louisiana, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, all as hereinafter more fully appears.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(3), in that Defendant is subject to personal jurisdiction in the District of Columbia, and to 28 U.S.C. § 1391(a)(2), in that the District of Columbia is a district in which a substantial part of the alleged acts or omissions giving rise to the claim occurred.

## Nature of the Action

3.  This is an action for breach of the duty of loyalty owed by Defendant to Plaintiff and for declaratory relief concerning a contract, and seeks damages and a declaratory judgment pursuant to 28 U.S.C. § 2201-2202.

## Parties

4.  Plaintiff America's Choice, Inc. ("America's Choice") is a corporation duly organized and existing under the laws of the State of Delaware, and having its principal place of business in the District of Columbia.

5.  Defendant Cecil Harris ("Harris") is a citizen of the State of Louisiana, residing in Denham Springs, Louisiana.

## Facts Common to the Claims for Relief

6.  America's Choice is engaged in the business of providing academic solutions through consultancy, publishing, professional development training, and materials and program offerings to public schools, public school districts, and states nationwide in connection with public school reform and improvement. America's Choice is a for-profit subsidiary of the National Center on Education and the Economy, a not-for-profit corporation.

7.  On or about August 10, 2005, America's Choice and Harris entered into an employment relationship pursuant to which America's Choice would employ Harris as a salaried sales development associate.

8.   The employment relationship was documented in part by an offer letter and by various other documents relating to the policies and practices of America's Choice in paying sales commissions.

9.   As an employee of America's Choice, Harris owed to America's Choice multiple fiduciary duties, among them a duty of loyalty.  The duty of loyalty encompasses, at the least, the obligation on the part of an employee to diligently perform the duties of his or her position and to refrain from taking any action that would frustrate or impede his or her performance.

10.   Commencing in or about August 2006, and extending through December 30, 2006, without excuse or justification of any kind, and without notice to America's Choice, Harris effectively ceased to perform the essential duties of his position with America's Choice.

11.   As a result of Harris's ceasing to perform the essential duties of his position with America's Choice, America's Choice was injured in that it lost potential and valuable business.

12.   In failing and refusing to perform those duties, Harris breached his duty of loyalty to America's Choice.

13.   America's Choice has sustained damages by reason of Harris's breach in an amount to be proven at trial.

14.   In late 2006, Harris voluntarily terminated his employment with America's Choice effective December 31, 2006.

15.  America's Choice has fully performed its obligations to Harris in respect with his employment relationship with America's Choice.

16.  Since the date of the termination of his employment, Harris has contended that America's Choice owes him substantial monies, exceeding $557,000, in the form of commissions allegedly due him as the result of his employment.

17.  America's Choice contends that it does not owe Harris any commissions whatsoever, and that it has paid Harris all compensation due to him in connection with his employment.

18.  There is an actual and existing concrete controversy between the parties relating to whether any commissions are due and owing to Harris in connection with his employment by America's Choice.

### Facts Demonstrating Personal Jurisdiction

19.  In connection with and in the course of his employment, Harris had significant contacts with the District of Columbia certain of which are alleged below.

20.  Harris applied for the position of sales development associate in August 2005 by completing and sending an employment application to America's Choice's D.C. headquarters.

21.  Harris signed an offer letter from America's Choice's D.C. headquarters and returned the same to the D.C. headquarters.

22.  Harris was physically present in the District of Columbia, at the headquarters of America's Choice, on at least one occasion in furtherance of his

4

employment relationship with America's Choice and for the purpose of receiving the specialized employee training.

23.   Harris's pay stubs were issued from the America's Choice headquarters in the District of Columbia.

24.   Harris's employee manual was issued to him from the America's Choice human resources department in the District of Columbia via FedEx.

25.   Following the occasion on which he was physically present in the District of Columbia in connection with this employment, Harris returned to the DC Metro area at least two additional times for sales training.

26.   Harris had regular telephone contact with various members of America's Choice's staff, including its Chief Financial Officer, Vice President of Legal and Business Affairs, and Director of Human Resources, among others, in the District of Columbia regarding sales updates and other business related issues throughout his employment with America's Choice.

27.   Harris placed several calls to the America's Choice human resources department and to the America's Choice contracting department in connection with the negotiations of the contract for which Harris has sought commission payments.

28.   Harris's e-mail while an employee of America's Choice was routed through a server that was located in the District of Columbia.  Harris's saved e-mails from his America's Choice e-mail account were physically stored on servers located in the District of Columbia.

29.  All of Harris's IT equipment was issued out of DC and returned thereto after he terminated his employment with America's Choice.

### FIRST CLAIM FOR RELIEF

### BREACH OF DUTY OF LOYALTY

30.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 of this complaint, as if fully set forth at length herein.

31.  By reason of the foregoing, Harris breached his duty of loyalty to America's Choice, and America's Choice has been injured by such breach.

32.  America's Choice is entitled to recover damages from Harris in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

33.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 of this complaint, as if fully set forth at length herein.

34.  The parties' dispute with respect to whether America's Choice owes Harris any sums as commissions pursuant to or in connection with his former employment relationship with America's Choice presents an actual controversy within the meaning of 28 U.S.C. § 2201.

35.  America's Choice seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that it does not owe Harris any sums as commissions pursuant to or in connection with his former employment relationship with America's Choice.

WHEREFORE, plaintiff demands judgment against defendant granting it (a) damages in an amount to be proven at trial, (b) an appropriate declaratory judgment, and (c) such other and further relief as may be just and proper in the circumstances.

Dated: Washington, D.C.
      March 27, 2007

KATTEN MUCHIN ROSENMAN LLP


By:_____/s/_____
      Ugo Colella (D.C. Bar No. 473348)
      1025 Thomas Jefferson Street, N.W.
      East Lobby, Suite 700
      Washington, D.C. 20007
      Phone:  (202) 625-3755
      Fax:    (202) 295-1174


Of Counsel:

Martin E. Karlinsky, Esq.
(D.C. Bar No. 447859)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
(212) 940-8800

7