IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:07CV00423 RWR ) |
| CECIL HARRIS, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, STAY**

Plaintiff America's Choice, Inc. ("America's Choice"), by and through its attorneys, hereby opposes Defendant Cecil Harris's ("Defendant" or "Harris") motion to dismiss pursuant to the *Wilton* and *Brillhart* abstention doctrine. In conjunction with this opposition memorandum, Plaintiff is filing a First Amended Complaint, which renders the arguments in Defendant's motion moot. To the extent that Defendant's arguments are not extinguished, this case should not be dismissed or stayed under the *Wilton* or *Brillhart* abstention doctrine. On the contrary, due to judicial economy concerns, this doctrine would require this Court to retain jurisdiction of this case and its joined sister case, *America's Choice, Inc. v. Bienvenu*, No. 1:07CV00428, in order to resolve these identical cases in an efficient and effective manner. Accordingly, Defendant's motion to dismiss should be denied.

**Background**

This dispute originally began not when America's Choice filed its complaint in this Court on March 2, 2007, but rather on February 27, 2007, when Harris filed a wholly improper suit in the United States District Court for the Southern District of New York against his former

employer America's Choice for commissions allegedly due under America Choice's commission plan. After the court in that case *sua sponte* ordered Harris to show cause why the case should not be transferred to D.C. or Louisiana when "the material events, documents, persons and potential witnesses related to this action are located in the District for the District of Columbia or in a District in Louisiana," Harris voluntarily dismissed that case. *See* Exhibits D and E to Defendant's Motions.

At this same time, Harris's New York counsel, Robert J. Benowitz, threatened to file yet another suit on behalf of another former America's Choice employee, Sandra Bush Bienvenu ("Bienvenu"), who is located in Florida. She also seeks commissions due under the same commission plan and her claim(s) would involve many of the same facts. Faced with the potential burden of litigating in two different states on essentially the same commission claim, America's Choice chose to file in this Court in order to obtain a speedy resolution to these related cases and because it is the forum with which each of the three parties has the most contacts and where most of the documents and witnesses are located. Indeed, America's Choice is based in D.C. and both employees were hired and trained in the District, had regular contact with the D.C. office, and worked with that office on all contracts entered by America's Choice for its educational services.

In an attempt to obstruct the efficient resolution of these commission cases, however, Mr. Benowitz filed suit on behalf of Harris in Louisiana, but this time in state court.[1] Despite the presence of diversity jurisdiction and Harris's prior attempt to resolve his claims in federal court in New York, Harris strategically chose to file in state court. He now moves this Court to dismiss America's Choice first-filed complaint while, ironically, accusing America's Choice of

---

[1] This case has since been removed to the United States District Court for the Middle District of Louisiana, and America's Choice will be moving for dismissal shortly.

forum shopping. The District of Columbia forum allows all three parties involved to resolve their claims in a singular action. Judicial economy therefore demands that Defendant's motion to dismiss and/or stay be denied.

## Argument

I.  **Defendant's Motion to Dismiss Should be Denied as Moot in Light of the First Amended Complaint.**

The concurrent filing of America's Choice's First Amended Complaint has rendered Defendant's motion to dismiss moot. Under Rule 15(a), America's Choice can amend its pleading once as a matter of course at any time before a responsive pleading is served. *See James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend its complaint once at any time before the defendant has filed a responsive pleading and the court has decided a motion to dismiss.). For purposes of Rule 15, motions to dismiss are not considered responsive pleadings. *Id.* at 283; *United States Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990). When a party has filed a superseding amended complaint, all pending motions pertaining to the original complaint become moot and require the Court to deny the challenging motions. *P & V Enterprises v. U.S Army Corps of Engineers*, 466 F. Supp.2d 134, 136 (D.D.C. 2006) (denying the defendant's motions to dismiss as moot in light of the superseding amended complaint); *Baltierra v. West Va. Bd. Of Medicine*, 253 F. Supp.2d 9, 14 (D.D.C. 2003) (holding that the defendant's motion to dismiss for lack of personal jurisdiction and for failure to state a claim was denied as moot due to the filing of Plaintiff's First Amended Complaint). Here, Defendant's motion is based entirely

on this case being a declaratory judgment suit. Given that the First Amended Complaint asserts a breach of duty of loyalty claim, Defendant's motion is moot and should be denied.[2]

II.    **The District Court Should Retain Jurisdiction Over this Case for the Sake of Judicial Economy and in Order to Allow for the Full Adjudication of the Parties' Rights.**

Even if this Court were to decide this motion, it is necessary for this Court to retain jurisdiction over this case in order for all parties involved to have their rights fully adjudicated in one forum. The seminal case of *Brillhart v. Excess Ins. Co. of Am.* recognized that federal courts have the discretion to determine whether it is appropriate to hear a declaratory judgment case or allow a state court to assume jurisdiction. 316 U.S. 491, 495 (1942). The use of discretion by federal courts "is not plenary, however, for there must be well-founded reasons for declining to entertain a declaratory judgment action." *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed.Cir. 2005) (citations omitted). In *Brillhart*, the Court did not dismiss the underlying case in favor of state adjudication. Instead, the Supreme Court remanded the case in order for the district court to determine whether the controversy could be fully adjudicated in state court. 316 U.S. at 496-497. Here, Defendant's reasons for abstention by this Court are not well-founded.

First and foremost, it is questionable that Louisiana law governs Defendant's state claims for commissions. Defendant contends that he is entitled to commissions arising from

---

[2] To the extent that it is necessary to review the merits of Defendant's 12(b)(6) Motion to Dismiss, it should be noted that in the motion's current form, Rule 12(b) requires that it be converted and examined as a motion for summary judgment. In his 12(b)(6) facial challenge to the pleadings, Defendant attached an affidavit and several court pleadings as exhibits. These documents contain information that Defendant would like the Court to consider, but yet are outside of the scope of America's Choice's pleadings. "Under Rule 12(b), this extra-pleading materials converts the motion to one for summary judgment unless the Court determines that the material should be excluded." *High v. McLean Financial Corp.*, 659 F. Supp. 1561, 1564 (D.D.C. 1987). Should the Court convert the motion to one for summary judgment, then it should be denied at this time until discovery can be conducted, such as the deposition of Defendant and his co-workers to explore the nature of his contacts with the various fora he is alleging contact with or disassociation from. If the Court, however, chooses to ignore the attachments, then the information contained therein should be disregarded.

contracts he arranged for America's Choice's services and products. While Defendant solicited interest from the Arkansas Department of Education to purchase America's Choice's services, the final contract was negotiated and executed in America's Choice's D.C. headquarters. *See Kroger v. Legalbill.com LLC*, 436 F. Supp. 2d 97, 104 (D.D.C. 2006) (holding that in a choice of law situation, the Court should consider 1) the place of contracting, 2) the place of negotiation of the contract, 3) the place of performance of the contract, 4) the location of the subject matter of the contract, and 5) the place of incorporation and the place of business of the parties). Any claims for alleged commissions due would have been created in the District of Columbia and governed by D.C. laws. Allowing this case to go forward here would allow the parties to fully adjudicate all claims under the applicable controlling law in the most appropriate venue.

Second, to the extent that the Court determines that Louisiana law may apply, the Defendant's claim can easily be resolved if Defendant joins any additional claims he may have to the present suit. Rule 13(a) requires that claims arising out of the same transaction or occurrence be asserted as a counterclaim. America's Choice brought suit after being informed by Defendant's counsel that he intended to file a claim on behalf of Harris and Bienvenu in two different states. Rather than litigate this controversy piecemeal, this Court should allow for the efficient resolution of both claims in one court at the same time. *See Brillhart*, 316 U.S. at 495 ("The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceedings . . ."); *see also Coyle*, 394 F.3d at 1348 (holding that in considering whether to retain a declaratory judgment action, the Court should consider whether retaining the case would allow for consolidation of related litigation and whether all necessary parties could be joined to one suit). Consolidating these claims and joining any compulsory counterclaims are thus mandated for the sake of judicial economy.

At bottom, Defendant has purposely created a legal quagmire in order to avoid the efficient resolution of this case. Defendant cannot escape the fact that this case was first properly filed by America's Choice in the present forum. *See Washington Metro Area Transit Auth. v. Ragonesa*, 617 F.2d 828, 830 (D.C. Cir. 1980) (holding that where two cases between the parties on the same cause of action are commenced in different courts, the one commenced first should be allowed to proceed to its conclusion). It was Defendant's own forum shopping that prompted America's Choice to file suit to protect itself from needless multiple state suits. *See Coyle*, 394 F.3d at 1348 ("While it is true that a district court may consider whether a party intended to preempt another's infringement when ruling on the dismissal of a declaratory action, we have endorsed that as merely one factor in the analysis. Other factors include absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation . . ."). Defendant, however, ignored the compulsory counterclaim requirements of Rule 13(a) and proceeded with filing a duplicative state case. Ironically, Defendant disingenuously accuses America's Choice of forum shopping and claims that his desires for a home forum should be recognized. Defendant, however, was not so interested in litigating his claims in his home forum when he previously filed for whatever perceived advantage in New York. Arguably, Defendant waived and/or is estopped from raising the forum shop argument when he voluntarily filed in a foreign forum where he had no contacts whatsoever. His own procedural maneuverings should not be rewarded by dismissal of this consolidated suit. Comity and judicial economy require otherwise. Accordingly, Defendant's motion to dismiss and/or stay should be denied.

## Conclusion

For the foregoing reasons, America's Choice respectfully requests that the Court declare Defendant's Motion moot in light of its simultaneously filed First Amended Complaint, or in the alternative, deny Defendant's Motion to Dismiss and retain jurisdiction over this suit.

Dated:   Washington, D.C.
        March 27, 2007

                              KATTEN MUCHIN ROSENMAN LLP

                              By:_____/s/_____
                                  Ugo Colella (D.C. Bar No. 473348)
                                  1025 Thomas Jefferson Street, N.W.
                                  East Lobby, Suite 700
                                  Washington, D.C. 20007
                                  Phone:  (202) 625-3755
                                  Fax:    (202) 295-1174

Of Counsel:

Martin E. Karlinsky, Esq.
(D.C. Bar No. 447859)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
(212) 940-8800