**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| CECIL HARRIS, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT CECIL HARRIS' SECOND MOTION TO DISMISS, OR
ALTERNATIVELY TO STAY,[1] OR ALTERNATIVELY TO CHANGE VENUE**

COMES NOW Defendant Cecil Harris ("Harris") with his Second Motion to Dismiss, or alternatively to Stay, or alternatively to Change Venue, and in support thereof states as follows:

1. Harris incorporates Rec. Doc. 3, his memorandum of points and authorities in support of his first motion to dismiss/stay,[2] as though fully set forth herein.

2. Harris incorporates the attached memorandum of points and authorities in support of this motion, as though fully set forth herein

WHEREFORE, for the reasons set forth herein, the Defendant, Cecil Harris, moves this Honorable Court for entry of an Order dismissing, staying, or transferring this case, awarding the Defendant his costs for having to defend this matter, and for such other further relief as the Court deems just and proper.

---

[1] Movant has concurrently herewith filed a second motion to dismiss pursuant to Fed. R. Civ. 12(b)(2). Movant files the instant motion subject thereto and without waiving his objection of lack of personal jurisdiction.

[2] While Harris' first motion was pending, the plaintiff amended its complaint and then argued in its opposition to Harris' first motion that Harris' motion was moot in light of the amendment. *See* Opposition to motion to dismiss/stay, Rec. Doc. 12, at 3-4.

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**

<u>*//s// Andrew J. Terrell*</u>
Andrew J. Terrell (#431362)
Kevin A. Kernan (#457194)
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C.  20037
(202) 659-6800
(202) 331-0573 (facsimile)

**OF COUNSEL:**
**RHORER LAW FIRM**

<u>*//s// S. Bradley Rhorer, Esquire*</u>
S. Bradley Rhorer, Esquire
10566 Airline Highway
Baton Rouge, Louisiana  70816
(225) 292-2767
(225) 292-2769 (facsimile)

**RICK STEINER FELL & BENOWITZ, LLP**

<u>*//s// Robert J. Benowitz, Esquire*</u>
Robert J. Benowitz, Esquire
Three New York Place
New York, New York  10004
(212)422-0488
(212) 422-0158 (facsimile)

*Counsel for Defendant, Cecil Harris*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the foregoing was made electronically through Court's CM/ECF system.

<u>*//s// Andrew J. Terrell*</u>
Andrew J. Terrell

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| CECIL HARRIS, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT CECIL HARRIS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF HIS SECOND MOTION TO DISMISS, OR
ALTERNATIVELY TO STAY, OR ALTERNATIVELY TO CHANGE VENUE**

America's Choice, Inc. ("ACI") initiated this proceeding by filing an improper anticipatory declaratory judgment action -- seeking only a declaration that it owed no monies under an employment contract with Cecil Harris -- hours before Harris filed suit against ACI in Louisiana for breach of contract and violation of Louisiana's wage payment statute. Harris filed two motions in response: (1) a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2); and (2) a motion to dismiss or stay pursuant to the *Brillhart/Wilton* abstention doctrine. *See* Rec. Doc. 3 and Rec. Doc. 4.

Concurrently with filing responses to Harris' motions, ACI filed its First Amended Complaint, therein purporting to add a claim for coercive relief and attempting to allege previously-omitted jurisdictional facts. *See* Rec. Doc. 13. ACI then asserted in its responses to Harris' two pending motions to dismiss that Harris' motions were moot in light of ACI's amendment of its pleading. *See* Rec. Doc. 11 and Rec. Doc. 12.

3

Harris now moves the Court to dismiss ACI's purported claim for coercive relief, pursuant to Fed. R. Civ. P. 12(b)(6), and Harris again moves to dismiss or stay the remainder of the case, or alternatively to change venue, as follows:

## I. FACTS

Harris incorporates the statement of facts as set forth in Rec. Doc. 3, along with the affidavit support of said facts included therein.

ACI removed the state court case Harris filed in Louisiana, to the United States Court for the Middle District of Louisiana, on March 21, 2007. *See* Rec. Doc. 12 at p. 2, n.1.

When Harris filed his motion to dismiss or stay, pursuant to the *Brillhart* and *Wilton* abstention doctrines, ACI amended its pleading to allege that Harris had breached his fiduciary duty to ACI. The factual basis of ACI's putative claim is essentially that Harris, ACI's at-will employee, did not work hard enough. *See* First Amended Complaint, Rec. Doc. 13, at &9-13.

## II. ARGUMENT

**A.    Dismissal of Breach of Fiduciary Duty Claim Is Warranted Pursuant to Fed. R. Civ. P. 12(b)(6)**

The Court may grant a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts that would support its claim entitling it to relief. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1117 (D.C. Cir. 2000). In evaluating the motion, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Razzoli v. Fed. Bureau of Prisons,* 230 F.3d 371, 374 (D.C. Cir. 2000); *Taylor v. FDIC,* 132 F.3d 753, 761 (D.C. Cir. 1997); *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997). However, while the complaint is to be construed liberally in

considering a motion to dismiss, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. *National Treasury Employees Union v. United States,* 101 F.3d 1423, 1430 (D.C. Cir. 1996); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

ACI's new allegation of a tort claim against Harris is an ill-disguised attempt to transmogrify a claim for declaration of contract rights into one for coercive relief. ACI's sole motivation is to avoid the inevitable result of a *Brillhart/Wilton* abstention inquiry into its claim for declaratory relief. The "claim" ACI seeks to assert cannot be based on the facts ACI has alleged.

ACI has acknowledged that Harris was an at-will employee of ACI. *See* Rec. Doc. 11 at p. 5. As an at-will employee, ACI was free to terminate Harris at any time for any or no reason, including ACI's opinion that Harris was not performing in line with ACI expectations. *See Wallace v. Shreve Memorial Library*, 79 F.3d 427, 429 (5th Cir. 1996)(under Louisiana law, at-will employee "may be terminated at any time, for any reason or for no reason at all."); *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 850 (D.C. Cir. 1995)(under District of Columbia law, at-will employees are "subject to discharge for any or no reason, at the will of either party."). ACI did not do so.

ACI makes no allegations that Harris somehow hid from ACI the level of his performance. If ACI was dissatisfied with Harris' performance, ACI's remedy was to discharge Harris -- which ACI could do with impunity -- rather than continue to pay Harris and thereby impliedly accept his performance.

ACI does not allege that Harris misappropriated any proprietary information, disclosed any confidences, or attempted to compete against ACI.  Likewise, ACI makes no allegations of any performance criteria Harris failed to meet, or any guarantees or warranties of minimum levels of anything Harris failed to accomplish.  ACI simply states its opinion that Harris did not work hard enough.

Harris was unable to uncover any authority recognizing a tort claim by an employer against an at-will employee for "not working hard enough."  Harris submits that allowing such a claim would improperly and unwisely open a floodgate of litigation by encouraging any employer to sue its at-will employees if – in the employer's sole opinion -- the employee was not working hard enough.  The law does not and should not permit such vexatious claims.

**B.     Alternatively, ACI's Amendment Does Not "Relate Back," and the "First–Filed Rule" Should Be Applied to Dismiss ACI's Breach of Fiduciary Duty Claim**

A plaintiff may amend its complaint to add a claim or defense when that claim or defense "arose out of the conduct, transaction, or occurrence" set forth in the original pleading.  Fed. R. Civ. P. 15(c); *Young Women's Christian Ass'n of Nat. Capital Area, Inc. v. Allstate Ins. Co. of Canada*, 214 F.R.D. 1, 5 (D.D.C. 2003)(disallowing motion to add tort claim of bad faith to contract claim against insurer) *citing United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002). Amendments that build on previously alleged facts will typically relate back. *Id*.  However, amendments "'that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously.'" *Id.*  The inquiry centers on whether the opposing party has been put on notice regarding the claim. *Young Women's Christian Ass'n*, 214 F.R.D. at 5, *citing* 6A Wright & Miller 2d §1497 at 84.  "If the alteration is 'so substantial that it

6

cannot be said that defendant was given adequate notice . . . then the amendment will not relate back . . .'" *Id.*

ACI's original complaint requested a declaration of the parties' **contract** rights under a commission agreement. It is clear from the context of ACI's pleading that the dispute related solely to how much ACI owed Harris in commissions after ACI's attempt to modify Harris' commission structure retroactive to before Harris secured certain sales for ACI. As ACI explained in its original pleading: "The original compensation terms of Harris's employment were subject to change, and were in fact changed effective in the 2006-2007 fiscal year of [ACI]." Rec. Doc. 1 at &9.[3] Indeed, in its claim for relief, ACI requested only a declaratory judgment "declaring that [ACI] does not owe Harris any sums as commissions pursuant to or in connection with his former employment relationship with [ACI]." Rec. Doc. 1 at &17. ACI alleged no facts that would in any way give rise to a tort claim or put Harris on notice that ACI might contend that Harris had acted inappropriately or that ACI might seek damages or other coercive relief from Harris.[4]

ACI's amended complaint purported to add a claim *in tort* against Harris. It was necessary for ACI to allege an entirely new set of facts, under which Harris supposedly breached a fiduciary duty by not working hard enough. ACI's amendment asserts an entirely new claim, arising out of an entirely different set of alleged facts. The alteration is so substantial that Harris cannot be said to have had notice of such a claim. *See Young Women's Christian Ass'n*; *Hicks*;

---

3   Curiously, ACI deleted this paragraph from its amended complaint.
4   It bears noting that the facts stated in and underlying the request for relief contained in ACI's original pleading were at best only marginally supportive of venue in this district. *See* 23 U.S.C. §1391(a). Harris elected not to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3), in light of Harris' rather clear entitlement to relief under *Brillhart* and *Wilton*. Had ACI initially included its claim for coercive relief, premised on Harris' ostensible omissions in his sales territory of Louisiana and Arkansas, Harris would have been better situated to file a 12(b)(3) motion.

6A Wright & Miller 2d §1497.  The amendment cannot be said to relate back to ACI's original filing.

Harris filed his Louisiana lawsuit against ACI on March 2, 2007, hours after ACI filed its declaratory judgment claim herein.  ACI removed Harris' Louisiana lawsuit on March 21, 2007.  ACI filed its amended complaint in this case on March 27, 2007.  Accordingly, if the amendment does not relate back, then between the claims for coercive relief, Harris' was the first filed and must be allowed to proceed to its conclusion first.  *See Washington Metro. Area Transit Authority v. Ragonese,* 617 F.2d 828, 830 (D.C. Cir.1980)("Where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.").

C.     *Brillhart/Wilton* **Abstention Should Apply to ACI's Claim for Declaratory Relief**

For the reasons set forth, *supra*, the Court in its abstention analysis should ignore ACI's putative claim for coercive relief.

Harris incorporates his statement of law and analysis as set forth in Rec. Doc. 3.

ACI concedes that it filed its original complaint -- consisting solely of a claim for declaratory relief -- as a preemptive strike.  *See* Rec. Doc. 12 at p. 5.  Under the auspices of judicial economy, ACI suggests that its procedural fencing is justified because it filed NOT ONE BUT TWO separate preemptive strikes (one against Harris and one against a Sandra Bienvenue).  *Id.*  ACI confuses "judicial economy" with "convenience to ACI."

ACI's election to breach its contracts with multiple employees versus a single employee should not control whether the natural plaintiffs (the aggrieved employees) are allowed to maintain their suits in the fora of their choice.  Harris is the natural plaintiff in this lawsuit, and his choice of forum should control.  *See Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.*, 10

8

F.3d 425, 431 (7th Cir. 1993) ("a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way."), *citing Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987).

**D.     Alternatively, the Court Should Transfer Pursuant to 28 U.S.C. §1404(a)**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §1404(a); *Lentz v. Eli Lilly and Co.*, 464 F. Supp.2d 35, 36 (D.D.C. 2006).  The determination of whether an action should be transferred under 1404(a) "is committed to the sound discretion of the trial court." *Lentz*, 464 F. Supp.2d at 36, *citing Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).  The district court has discretion to "adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and ***fairness***." *Id.* (*emphasis added*), *citing Reiffin v. Microsoft Corp.,* 104 F. Supp.2d 48, 50 (D.D.C. 2000).

A defendant, to succeed on a motion to transfer, must first establish that the action could have been brought in the proposed transferee district. *Lentz*, 464 F. Supp.2d at 36, *citing DeLoach v. Philip Morris Co.,* 132 F.Supp.2d 22, 24 (D.D.C. 2000).  The defendant must then demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in his favor. *Id.* at 36-37, *citing Consolidated Metal Prods., Inc. v. Am. Petroleum Inst.,* 569 F.Supp. 773, 774 (D.D.C. 1983).

ACI recruited Harris in Louisiana and then hired Harris and gave him a sales territory consisting of his home state of Louisiana and neighboring Arkansas.  The commissions at issue relate to customer contracts Harris developed in those two states.  It is beyond peradventure that

this action could have been brought in the Middle District of Louisiana, the district of Harris' domicile, employment, and contract performance. *See* 28 U.S.C. §1391(a). Therefore, it is only the second inquiry that requires examination.

The Court, in considering the motion, must weigh a number of private and public interest factors. *Lentz*, 464 F. Supp.2d at 37, *citing Reiffin,* 104 F. Supp.2d at 51-52. The relevant private interest factors include, but are not limited to (1) the plaintiffs' privilege of choosing the forum; (2) the defendant's preferred forum; (3) location where the claim arose; (4) convenience of the parties; (5) convenience of witnesses, but only to the extent that witnesses may be unavailable for trial in one of the fora; and (6) ease of access to sources of proof. The public interest considerations include: (1) the transferee district court's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home. *Id.*, *citing Airport Working Group of Orange County, Inc. v. United States Dep't of Defense,* 226 F. Supp.2d 227, 229 (D.D.C. 2002).

**Plaintiff's privilege/Defendant's preference (private interest factors 1 and 2).** Harris' choice of forum is Louisiana. Harris is the natural plaintiff. His choice of forum should be given great weight.

**Location where claim(s) arose (private interest factor 3).** The breach of contract claim, which forms the basis both of Harris' coercive claim and ACI's preemptory claim for declaratory relief, arose in Harris' sales territory of Louisiana and Arkansas. That is where Harris anticipated performing and did perform the contract entitling him to sales commissions, and that is where ACI's failure to pay commissions was felt by Harris. With respect to ACI's putative claim for breach of fiduciary duty, to the extent it exists, it certainly arose in Louisiana

10

where, according to ACI, Harris "effectively ceased to perform the essential duties of his position with [ACI]." *See* Rec. Doc. 13 at &10.

**Convenience to parties (private interest factor 4).** Louisiana, Harris' home state, is certainly the forum most convenient to Harris. ACI, on the other hand, transacts business "in states nationwide." *See* Rec. Doc. 13 at &6. ACI would be far less inconvenienced by litigating in Louisiana than would Harris by being forced to litigate in the District of Columbia.

**Convenience to witnesses/ease of access to proof (private interest factors 5 and 6).** Perhaps the central issue in this case will be when, in relation to ACI's purported change of Harris' commission structure, *see* Rec. Doc. 1 at p. 9, Harris developed the sales for the appropriate amount of commissions for which the parties dispute. Other than the parties, the key witnesses in that regard will be the customers in Louisiana and Arkansas. Related proof will be in Louisiana and Arkansas. Louisiana is a far more convenient location to the witnesses, and to the related proof, than is the District of Columbia.

**Transferee court's familiarity with controlling law (public interest factor 1).** This inquiry presupposes a previous determination of which state's law will control. Harris, living in Louisiana, having been recruited by ACI in Louisiana, having negotiated and executed his contract with ACI in Louisiana, having performed his contract in Louisiana, and having been paid by ACI in Louisiana, submits that there is little room to argue that Louisiana law does not apply to this case.[5] Nevertheless, ACI tries to make room. *See* Rec. Doc. 12 at p. 5. Harris will therefore undertake a brief choice of law analysis.

Federal courts sitting in diversity must apply the choice-of-law principles of the forum. *Klaxon Co. v. Stentor Electric Manufacturing Company,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed.

---

5    There is no choice of law provision in any agreement between Harris and ACI.

11

1477 (1941). In cases such as this, involving interpretation of a contract, the District of Columbia determines the state with the "most significant relationship" to the dispute using the analysis outlined in §188 of the Restatement (Second) of Conflict of Laws. *See Clayman v. Goodman Prop., Inc.,* 518 F.2d 1026, 1030 n.22 (D.C. Cir. 1973); *Century Int'l Arms, Ltd v. Federal State Unitary Enterprise State Corp. Rosvoorouzheinie,* 172 F. Supp.2d 79, 89 (D.D.C. 2001); *Koro Co. v. Bristol-Myers Co.,* 568 F. Supp. 280, 286 (D.D.C. 1983); *Legg, Mason & Co. v. Mackall & Coe, Inc.,* 351 F. Supp. 1367, 1370 n.2 (D.D.C. 1972); *Eli Lilly & Co.,* 764 F.2d at 882. Five factors influence the determination: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance of the contract; (4) the location of the subject matter of the contract; and (5) the place of incorporation and the place of business of the parties. Restatement (Second) of Conflict of Laws §188(2)(1971); *Koro Co.,* 568 F. Supp. at 286; *see also In re Parkwood Inc.,* 461 F.2d 158, 172 n.28 (D.C. Cir. 1971); *Century Int'l Arms,* 172 F. Supp.2d at 89.

ACI does not dispute that it initiated contact with Harris in Louisiana. ACI does not dispute that it interviewed Harris, through its personnel in Georgia and California, while Harris was in Louisiana. ACI acknowledges that it sent an offer to Harris' Louisiana address. Harris executed the offer in Louisiana and sent it back. ACI does not dispute that Harris operated out of his Louisiana home office. ACI acknowledges that it sent all supplies to Harris in Louisiana. S*ee* , *generally*, Rec. Doc. 11. Rather, the crux of ACI's argument is that the ***customer*** contracts Harris developed in his sales territory were "finalized, approved, and executed" by ACI in the District of Columbia. *See* Opposition to Motion to Stay, Rec. Doc. 11, at pp. 4-5; Affidavit of Jason Dougal, Rec. Doc. 11-2, at 13. Where ACI "finalized, approved, and executed" the

12

contracts with the *customers* is irrelevant to where Harris performed *his contract* with ACI. Each one of the five choice of law factors favors the application of Louisiana law.

Furthermore, ACI's breach of contract by failing to pay Harris gives rise to a Louisiana statutory wage payment claim. *See* La. R.S. 23:631, *et seq.*; *Lorentz v. Coblentz*, 600 So.2d 1376 (La. App. 1st Cir. 1992)(commissions are considered wages for purposes of statute requiring payment in three days of employee's termination from employment); *Dugas v. Aaron Rents, Inc.*, 2002-1276 (La.App. 3 Cir. 3/5/03), 839 So.2d 1205 (accord). Louisiana has a fundamental interest in seeing that its wage payment statute is applied to cases where its citizens are not paid for work done in Louisiana. *See*, *e.g.*, *Howting-Robinson Assoc., Inc. v. Bryan Custom Plastics*, 65 F. Supp.2d 610 (E.D.Mich. 1999)(in suit for payment of commissions earned in Michigan, court would ignore choice of Ohio law clause and would mandate application of Michigan law providing for penalty for failure to pay sales representative commissions.). Application of District of Columbia law would undermine a fundamental policy of Louisiana law. *See id*.

Louisiana law governs this dispute. Accordingly, the transferee court is well-suited to apply the governing law.

**Local interest in deciding local controversy at home (public interest factor 3).** As stated, *supra*, Louisiana has a fundamental interest in seeing its citizens' claims under its wage claim statute decided at home.

The foregoing analysis of the 1404(a) factors demonstrates that they weigh heavily in favor of a transfer to the Middle District of Louisiana. Fairness dictates that result. *See Lentz*, 464 F. Supp.2d at 36 (district court has discretion to "adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and *fairness*.")(*emphasis added*), *citing Reiffin v. Microsoft Corp.,* 104 F. Supp.2d 48, 50 (D.D.C. 2000).

## III. CONCLUSION

ACI has failed to state a claim for coercive relief. This Court should grant Harris' motion to dismiss for failure to state a claim.

This Court has the discretion to decline to exercise jurisdiction over this declaratory judgment case, in favor of a pending Louisiana case. This Court should exercise that discretion, particularly in light of the declaratory plaintiff's use of the declaratory judgment procedure as an attempt to gain a tactical advantage over the natural plaintiff.

Alternatively, this Court should transfer this case to the Middle District of Louisiana where Harris' case is presently pending.

WHEREFORE, for the reasons set forth herein, the Defendant, Cecil Harris, moves this Honorable Court for entry of an Order dismissing this case, staying this case, or transferring this case, awarding the Defendant his costs for having to defend this matter, and for such other further relief as the Court deems just and proper.

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**

*//s// Andrew J. Terrell*
Andrew J. Terrell (#431362)
Kevin A. Kernan (#457194)
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C.  20037
(202) 659-6800
(202) 331-0573 (facsimile)

**OF COUNSEL:**
**RHORER LAW FIRM**

*//s// S. Bradley Rhorer, Esquire*
S. Bradley Rhorer, Esquire
10566 Airline Highway
Baton Rouge, Louisiana  70816
(225) 292-2767
(225) 292-2769 (facsimile)

**RICK STEINER FELL & BENOWITZ, LLP**

*//s// Robert J. Benowitz, Esquire*
Robert J. Benowitz, Esquire
Three New York Place
New York, New York  10004
(212)422-0488
(212) 422-0158 (facsimile)

*Counsel for Defendant, Cecil Harris*

198360

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| CECIL HARRIS, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

UPON CONSIDERATION OF Defendant Cecil Harris' Second Motion to Dismiss, or alternatively, to Stay; it is hereby

ORDERED that Defendant's Second Motion to Dismiss, or alternatively to Stay is GRANTED.

ENTERED THIS \_\_\_\_ day of _____, 2007.

_____
Judge Richard W. Roberts

COPIES TO:

Andrew J. Terrell, Esq.
Whiteford, Taylor & Preston
1025 Connecticut Ave., N.W.
Suite 400
Washington, DC   20036

S. Bradley Rhorer, Esq.
Rhorer Law Firm
10566 Airline Highway
Baton Rouge, LA   70816

Robert J. Benowitz, Esq.
Rick Steiner Fell & Benowitz, LLP
Three New York Place
New York, New York   10004

Ugo A. Colella, Esq.
KATTEN MUCHIN ROSENMAN, LLP
1025 Thomas Jefferson Street, NW
Suite 700
Washington, DC 20007


*199197*