**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| CECIL HARRIS, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT CECIL HARRIS' SECOND MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(2)**

COMES NOW Defendant Cecil Harris ("Harris") with his Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and in support thereof states as follows:

1.  Harris incorporates Rec. Doc. 4, his memorandum of points and authorities in support of his first motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2),[1] as though fully set forth herein.

2.  Harris incorporates the attached memorandum of points and authorities in support of this motion, as though fully set forth herein.

WHEREFORE, for the reasons set forth herein, the Defendant, Cecil Harris, moves this Honorable Court for entry of an Order dismissing this case, awarding the Defendant his costs for having to defend this matter, and for such other further relief as the Court deems just and proper.

---

[1] While Harris' first motion was pending, the plaintiff amended its complaint and then argued in its opposition to Harris' first motion that the motion was moot in light of the amendment. *See* Opposition to 12(b)(2) motion, Rec. Doc. 11, at p. 3.

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**

*//s// Andrew J. Terrell*
Andrew J. Terrell (#431362)
Kevin A. Kernan (#457194)
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20037
(202) 659-6800
(202) 331-0573 (facsimile)

**OF COUNSEL:**
**RHORER LAW FIRM**

*//s// S. Bradley Rhorer, Esquire*
S. Bradley Rhorer, Esquire
10566 Airline Highway
Baton Rouge, Louisiana 70816
(225) 292-2767
(225) 292-2769 (facsimile)

**RICK STEINER FELL & BENOWITZ, LLP**

*//s// Robert J. Benowitz, Esquire*
Robert J. Benowitz, Esquire
Three New York Place
New York, New York 10004
(212)422-0488
(212) 422-0158 (facsimile)

*Counsel for Defendant, Cecil Harris*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the foregoing was made electronically through Court's CM/ECF system.

*//s// Andrew J. Terrell*
Andrew J. Terrell

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| CECIL HARRIS, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT CECIL HARRIS' MEMORANDUM IN SUPPORT OF HIS
SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)**

America's Choice, Inc. ("ACI") initiated this proceeding by filing an improper preemptive declaratory judgment suit against Cecil Harris ("Harris") – a resident of Louisiana and former salesperson for ACI with a geographic sales territory of Louisiana and Arkansas – for a declaration that ACI does not owe Harris any commissions on sales Harris made in Louisiana and Arkansas. *See* Rec. Doc. 1. Harris filed two motions in response: (1) a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2); and (2) a motion to dismiss pursuant to the *Brillhart/Wilton* abstention doctrine. *See* Rec. Doc. 3 and Rec. Doc. 4.

Concurrently with filing responses to Harris' motions, ACI filed its First Amended Complaint, therein purporting to add a claim for coercive relief and attempting to allege previously-omitted jurisdictional facts. *See* Rec. Doc. 13. ACI then asserted in its responses to Harris' two pending motions to dismiss that Harris' motions were moot in light of ACI's amendment of its pleading. *See* Rec. Doc. 11 and Rec. Doc. 12.

3

Harris by this motion now moves to dismiss ACI's First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(2).[2]

## I. FACTS

Harris incorporates his statement of facts as set forth in Rec. Doc. 4, along with the affidavit support of said facts included therein.

## II. LAW

Harris incorporates his statement of law as set forth in Rec. Doc. 4.

## III. ANALYSIS

Harris incorporates his analysis as set forth in Rec. Doc. 4.

ACI argues in its opposition to Harris' first 12(b)(2) motion that the unreported decision of *Ironbound Partners, LLC v. Source Interlink Companies, Inc.*, 2005 WL 3274575 is instructive. *See* Opposition to 12(b)(2) motion, Rec. Doc. 11, at p. 5. *Ironbound* is easily distinguishable under the "traditional notions of fair play and substantial justice" aspect of the due process inquiry, s*ee Atlantigas Corp.,* 290 F. Supp.2d at 43, in that *Ironbound* involved a breach of contract case[3] where the nonresident defendant, after having negotiated a contract with the District of Columbia plaintiff, breached the contract and caused damage to the District of Columbia plaintiff, in the District of Columbia. Here, conversely, it is ACI's unilateral actions in breaching its contract with Harris that caused consequences in Harris' home jurisdiction. Due process cannot permit ACI to enter into a contract with a non-forum resident contemplating non-forum performance from the non-resident, breach the contract by failing to pay the non-resident,

---

2    Concurrently herewith, Harris is filing a motion to dismiss ACI's purported claim for coercive relief, pursuant to Fed. R. Civ. P. 12(b)(6), and Harris is filing a (second) motion to dismiss or stay the remainder of this case, and an alternative motion to change venue pursuant to 28 U.S.C. §1404(a).

3    ACI characterizes the *Ironbound* case as "seeking a declaration of the parties' rights and liabilities" and fails to mention that the plaintiff's pleading included a breach of contract and accounting claim. *See* ACI Opposition at 5; *Ironbound*, generally.

4

and then hail the non-resident into ACI's home forum because ACI decided to breach the contract.

## IV. CONCLUSION

The controversy between Harris and ACI relates to services Harris provided in Louisiana and Arkansas, not in the District of Columbia. Harris, a nonresident of the District of Columbia, lacks sufficient minimum contacts with the District such that maintaining this suit would not offend traditional notions of fair play and substantial justice. Dismissal is warranted.

WHEREFORE, for the reasons set forth herein, the Defendant Cecil Harris moves this Honorable Court for entry of an Order dismissing this case, awarding the Defendant his costs for having to defend this matter and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**

*//s// Andrew J. Terrell*
Andrew J. Terrell (#431362)
Kevin A. Kernan (#457194)
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C.  20037
(202) 659-6800
(202) 331-0573 (facsimile)

**OF COUNSEL:**
**RHORER LAW FIRM**

*//s// S. Bradley Rhorer*
S. Bradley Rhorer, Esquire
10566 Airline Highway
Baton Rouge, Louisiana  70816
(225) 292-2767
(225) 292-2769 (facsimile)

**RICK STEINER FELL & BENOWITZ, LLP**

*//s// Robert J. Benowitz, Esquire*
Robert J. Benowitz, Esquire
Three New York Place
New York, New York  10004
(212)422-0488
(212) 422-0158 (facsimile)

*Counsel for Defendant, Cecil Harris*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICA'S CHOICE, INC.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| **CECIL HARRIS,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

UPON CONSIDERATION OF Defendant Cecil Harris' Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2); it is hereby

ORDERED that Defendant's Motion is GRANTED.

ENTERED THIS \_\_\_\_ day of _____, 2007.

 

_____
Judge Richard W. Roberts

COPIES TO:

Andrew J. Terrell, Esq.
Whiteford, Taylor & Preston
1025 Connecticut Ave., N.W.
Suite 400
Washington, DC   20036

S. Bradley Rhorer, Esq.
Rhorer Law Firm
10566 Airline Highway
Baton Rouge, LA   70816

Robert J. Benowitz, Esq.
Rick Steiner Fell & Benowitz, LLP
Three New York Place
New York, New York   10004

Ugo A. Colella, Esquire
KATTEN MUCHIN ROSENMAN, LLP
1025 Thomas Jefferson Street, NW
Suite 700
Washington, DC 20007

*199199*