IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| CECIL HARRIS, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT CECIL HARRIS' REPLY TO PLAINTIFF'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)**

COMES NOW Defendant Cecil Harris ("Harris") with his Reply to Plaintiff America's Choice Inc.'s ("ACI's") Memorandum of Law in Opposition to Defendant's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) ("ACI Opposition"), as follows:

I.A.

ACI argues that by entering into an employment relationship with ACI – whose office happens to be in the District of Columbia – Harris transacted business *in* the District of Columbia. ACI Opposition at 4. ACI confuses transacting business "in the District of Columbia" with transacting business "with a company whose principal office happens to be in the District of Columbia." The logical extension of ACI's argument would be that any employee, simply by virtue of the employment relationship, transacts business in the District where his employer's principal office may be located. The "transacting business" requirement of the District of Columbia's long arm statute cannot be read so broadly. *See* D.C. Code § 13-423(a)(1); *Environmental Research, Int'l, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 812 (D.C. 1976)(holding that "the mere fact that a nonresident has retained professional

services of a District of Columbia firm, thereby setting into motion the resident party's own activities within this jurisdiction, does not constitute an invocation by the nonresident of the benefits and protection of the District's law.").

ACI also urges that contract negotiations and final agreements with *customers* "were done through [ACI]'s D.C. headquarters." *See* ACI Opposition at 5. However "[a] plaintiff may not depend on its own activity to establish the existence of defendant's minimum contacts with the forum." *Gibbons & Co., Inc. v. Roskamp Institute*, 2006 WL 2506646 p.2 (D.D.C. 2006) *citing Hanson v. Deckla*, 357 U.S. 235, 253 (1958)("[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"); *Environmental Research, Int'l, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 812 (D.C. 1976)(accord).

I.B.

ACI then argues that certain specific activities constituted forum contacts sufficient to support this Court's constitutional exercise of jurisdiction over Harris. The majority of the specific instances of conduct ACI references are instances of conduct by ACI, not by Harris. *See* ACI Opposition at 6(ACI issued paychecks from its office; ACI sent supplies from its office; ACI sent equipment from its office; ACI sent business cards and stationery from its office). As set forth *supra.*, ACI may not rely on its own conduct to establish minimum contacts. *See Gibbons & Co.*; *Hanson*; *Environmental Research, Int'l*.

ACI suggests without supporting authority that Harris submitted to the jurisdiction by returning an employment application and offer letter to ACI's office in the District of Columbia, and by later forwarding sales reports to ACI's District of Columbia office. *See* ACI Opposition at 5-6. However, forwarding work papers and engaging in correspondence with a plaintiff in the

2

District of Columbia did not establish a "substantial connection" sufficient to justify the exercise of personal jurisdiction in *Richter v. Analex Corp.*, 940 F.Supp. 353, 359 (D.D.C. 1996).

ACI likewise finds no jurisdictional support in the fact that Harris communicated by telephone and email with ACI's home office.  Email and telephone communications incidental to a contract entered into and performed elsewhere did not support jurisdiction in the District of Columbia in *Gibbons & Co., Inc*, 2006 WL 250664 at p.3(50-75 phone calls and emails); *see also*, *FC Inv. Group LC v. IFX Markets, Ltd.*, -- F.Supp. 2d --, 2007 WL 325355 (D.D.C. 2007)(concluding "that defendant's 'regular' phone calls into the District of Columbia from elsewhere do not constitute 'transacting business' in the District of Columbia.") *and cases cited therein*.

Harris' only physical contact with the forum was a *single* sales orientation and training meeting mandated by ACI.  ACI repeatedly mentions that Harris returned to "the area" on two separate occasions.  *See*, *e.g.*, ACI Opposition at 6.  ACI does not cite any authority, and Harris was unable to locate any, holding that contacts *near* a district could be considered in assessing contacts *with* a district.

Contrary to ACI's assertion, the totality of the facts demonstrates that Harris did not have sufficient minimum contacts with the District to justify maintaining jurisdiction over Harris.  The claims herein arose out of work performed by Harris in his sales territory of Louisiana and Arkansas and through his home office in Louisiana, not out of any incidental contacts with the District of Columbia.  The fundamental inquiry is fairness, and it is simply unfair to hale Harris into the District of Columbia to litigate matters arising out his employment agreement.

II.

ACI is not entitled to jurisdictional discovery, as there are no disputed jurisdictional facts. The only dispute is whether the undisputed jurisdictional facts support the constitutional exercise of jurisdiction over the person of Harris.

WHEREFORE, for the reasons set forth herein and in previous briefing, Defendant Cecil Harris moves this Honorable Court for entry of an Order dismissing this case, awarding the Defendant his costs for having to defend this matter, and for such other further relief as the Court deems just and proper.

    Respectfully submitted,

    **WHITEFORD, TAYLOR & PRESTON, LLP**

    *//s// Andrew J. Terrell*
    Andrew J. Terrell (#431362)
    Kevin A. Kernan (#457194)
    1025 Connecticut Avenue, N.W., Suite 400
    Washington, D.C. 20037
    (202) 659-6800
    (202) 331-0573 (facsimile)

    **OF COUNSEL:**
    **RHORER LAW FIRM**

    *//s// S. Bradley Rhorer, Esquire*
    S. Bradley Rhorer, Esquire
    10566 Airline Highway
    Baton Rouge, Louisiana 70816
    (225) 292-2767
    (225) 292-2769 (facsimile)

        **RICK, STEINER, FELL & BENOWITZ, LLP**

        *//s// Robert J. Benowitz, Esquire*
        Robert J. Benowitz, Esquire
        Three New York Plaza
        New York, New York  10004
        Telephone No.: (212) 422-0488
        Fax.:  (212) 422-0158

        *Counsel for Defendant, Cecil Harris*

## CERTIFICATE OF SERVICE

     Pursuant to Local Rule 5.4(d), service of the foregoing was made electronically through Court's CM/ECF system.

        *//s// Andrew J. Terrell*
        Andrew J. Terrell

*200035*