IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 1:07CV00423 RWR |
| | ) |
| CECIL HARRIS, | ) |
| | ) |
|     Defendant. | ) |

**<u>DEFENDANT CECIL HARRIS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS OR ALTERNATIVELY STAY OR ALTERNATIVELY TO CHANGE VENUE</u>**

COMES NOW Defendant Cecil Harris ("Harris") with his Reply to Plaintiff America's Choice Inc.'s ("ACI's") Memorandum of Law in Opposition to Defendant's Second Motion to Dismiss, or Alternatively to Stay, or Alternatively to Change Venue ("ACI's Opposition"), as follows:

**I. 12(b)(6) Motion**

ACI argues that Harris is challenging the underlying factual merits of ACI's putative breach of fiduciary duty "claim." *See* ACI Opposition at 5. To the contrary, Harris's challenge is directed to the existence of any claim for relief based upon the facts as ACI alleged them. An employer simply cannot be allowed to sue its at-will employees for, in the employer's opinion, not working hard enough.

ACI attempts to fault Harris for Harris's inability to uncover any case authority so holding. In view of ACI's apparent similar inability to find any case authority in support of its proposition that such a claim exists, Harris submits that the void results from a general recognition of the speciousness of such a claim.

ACI does cite authority for the well-recognized -- but in this case irrelevant -- proposition that an employee owes a duty to avoid certain conflicts of interest with his employer. *See* ACI Opposition at 4, *citing Riggs Inv. Mgmt. Corp. v. Columbia Partners*, 966 F. Supp. 1250 (D.D.C. 1997). *Riggs*, not surprisingly, involved NOT a claim that an employee did not work hard enough but rather a claim that a chairman of the board and chief executive officer converted confidential information and solicited employees in preparation to compete against the plaintiff, all while still employed by the plaintiff. *See* 966 F. Supp. at 1264-66. The case is inapposite.

While not squarely on point, more instructive is *Harrison v. CD Consulting, Inc.*, 2005-1087 (La.App. 1 Cir. 5/5/06), 934 So.2d 166. There an employer sued its employee for breach of fiduciary duty alleging that the employee "walked off the jobsite without notice to anyone of his intent to resign and knowing that he was the only [] employee on the jobsite at that time." *Id.* at 170. The court considered the fiduciary duty owed by an employee to his employer but found overriding the "strong presence" of the at-will employment concept. Reiterating that the at-will employment relationship conveys considerable freedoms on the parties to quit or fire, the court held unreasonable notice of resignation could not give rise to a claim for breach of fiduciary duty. *Id.* at 171.

Harris was an at-will employee of ACI. ACI's remedy, if dissatisfied with Harris's performance, was to terminate Harris. ACI's failure to terminate Harris constituted acceptance by ACI of Harris's performance. ACI's attempt to convert into an actionable claim what it now contends was substandard performance by an at-will employee is only an ill-disguised (and failed) attempt to defeat *Brillhart*/*Wilton* abstention.

## II.  1404(a) Motion

ACI accuses Harris of overstating the Louisiana connection to this case.  ACI alleges that Harris "never succeeded in gaining any business in [Louisiana" and that Harris's claim of generating sales in <u>both</u> Louisiana and Arkansas is "patently untrue."  *See* ACI Opposition at 10.

ACI provides no evidentiary support for its false accusation.1  Harris, on the other hand, averred in his original affidavit in support of all motions that he generated sales in both Louisiana and Arkansas.  *See* Affidavit on Cecil Harris at &14.  The specific Louisiana sales to which Harris was referring are those in connection with a contract with the Washington Parish School Board.  Harris secured the contract for ACI in or around August 2006.2  *See* Second Affidavit of Cecil Harris, attached hereto.  ACI should better review its records before accusing Harris of perjury.

ACI also suggests to this Court that there is no conflict between Louisiana's wage payment statute and what ACI characterizes as a "corresponding statute in the District of Columbia."  *See* ACI Opposition at 14-15; *cf.* La. R.S. 23:631, *et seq.* and D.C. Code §32-1303.  There are at least two material differences in the statutes.

First, the penalty provisions are different.  The Louisiana statute provides for discretionary penalties of 90 days wages.  *See* La. R.S. 23:632.  The District of Columbia statute provides for penalties of ten percent per working day, up to the amount of unpaid wages.  *See* D.C. Code §32-1303(4).

---

1 While ACI cites the affidavit of James Dougal, a careful reading of the affidavit reveals that nowhere does Mr. Dougal aver that Harris did not generate sales in Louisiana.  *See* ACI Opposition at 10.

2 While those sales in and of themselves did not fulfill Harris's quota, they did contribute to his quota.  It will be necessary for the trier of fact to consider the Washington Parish School Board sales in calculating the Harris-generated sales upon which the amount of Harris's commission claim will depend

3

Perhaps most important, the District of Columbia statute by its terms does not apply "any person employed in a bona fide executive, administrative, or professional capacity . . ." *See* D.C. Code §32-1301(2). ACI employed Harris as its "Business Development Manager" for Louisiana and Arkansas. ACI will undoubtedly argue that Harris's employment in that capacity exempts his claim from the purview of the District of Columbia statute. The Louisiana statute has no such exemption. *See* La. R.S. 23:631, *et seq.*

ACI also argues that Louisiana's interest in this controversy does not outweigh the District of Columbia's interest because of the District's interest in seeing its resident companies retain monies not owed to out-of-state residents. *See* ACI Opposition at 15. Any such interest much be subordinated to the paramount interest of Louisiana in protecting its citizens from out-of-state employers who contact Louisiana citizens, recruit Louisiana citizens, hire Louisiana citizens to work from Louisiana, and then fail to pay the Louisiana citizens. Indeed, Louisiana has confirmed its strong interest in protecting its wage-earners by going so far as to prohibit choice of law clauses in employment agreements. *See* La. 23:921(2).

A true conflict in the laws of Louisiana and the District of Columbia exits. Louisiana law should and does apply to this controversy. Louisiana has a particularly strong interest in seeing its courts decide this case.

Harris is a Louisiana citizen. ACI recruited Harris in Louisiana. ACI sent Harris an offer of employment to Harris's Louisiana address. Harris worked for ACI from Louisiana and in Louisiana. Harris's residence, choice of forum, and place of performance of his contract, as well as Louisiana's interest in this controversy, all mandate that this case should be litigated in Louisiana.

4

WHEREFORE, for the reasons set forth herein and in previous briefing, Defendant Cecil Harris moves this Honorable Court for entry of an Order dismissing, staying, or transferring this case, awarding Defendant his costs for having to defend this matter, and for such other further relief as the Court deems just and proper.

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**

*//s// Andrew J. Terrell*
Andrew J. Terrell (#431362)
Kevin A. Kernan (#457194)
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C.  20037
(202) 659-6800
(202) 331-0573 (facsimile)


**OF COUNSEL:
RHORER LAW FIRM**

*//s// S. Bradley Rhorer, Esquire*
S. Bradley Rhorer, Esquire
10566 Airline Highway
Baton Rouge, Louisiana  70816
(225) 292-2767
(225) 292-2769 (facsimile)

**RICK, STEINER, FELL & BENOWITZ, LLP**

*//s// Robert J. Benowitz, Esquire*
Robert J. Benowitz, Esquire
Three New York Plaza
New York, New York  10004
Telephone No.: (212) 422-0488
Fax.:  (212) 422-0158


*Counsel for Defendant, Cecil Harris*

5

**CERTIFICATE OF SERVICE**

  Pursuant to Local Rule 5.4(d), service of the foregoing was made electronically through Court's CM/ECF system.


                *//s// Andrew J. Terrell*
                Andrew J. Terrell

*200036*

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICA'S CHOICE, INC., <br> 555 13th Street, N.W. <br> Washington, D.C. 20004, <br><br>     PLAINTIFF <br><br> v. <br><br> CECIL HARRIS, <br> 8326 Harris Road <br> Denham Springs, Louisiana 70726, <br><br>     DEFENDANT | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NUMBER: <br><br> 1:07CV00423 RWR |

## SECOND AFFIDAVIT OF CECIL HARRIS

PARISH OF LIVINGSTON

STATE OF LOUISIANA

    Before me, the undersigned notary, in and for the parish and state aforesaid, personally came and appeared Cecil Harris who upon his oath deposed and stated as follows:

1. My name is Cecil Harris. I have personal knowledge of the facts stated herein, and same are true and correct.

2. ACI officially offered me a job on August 10, 2005 as Business Development Manager for the Louisiana and Arkansas territories. I accepted employment with ACI, in the position offered.

3. I consummated sales for ACI in both Louisiana and Arkansas. The sales in Louisiana to which I am referring are in relation to the contract I secured for ACI in or around August 2006 with the Washington Parish School Board.

Further affiant sayeth not.

_____
Cecil Harris

Subscribed and sworn to before me this 21st day of April, 2007.

_____
NOTARY

S. Bradley Rhorer
LA Bar # 25487
Notary Public
Parish of East Baton Rouge
State of Louisiana
My Commission is for Life