UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
AMERICA'S CHOICE, INC.,        )
                               )
     Plaintiff,                )
                               )
     v.                        )   Civil Action No. 07-0423 (RWR)
                               )
CECIL HARRIS,                  )
                               )
     Defendant.                )
_____)
```

**MEMORANDUM OPINION**

Plaintiff America's Choice, Inc. ("ACI") seeks a declaratory judgment that it does not owe any sales commission to its former employee, defendant Cecil Harris, and seeks damages from Harris for his alleged breach of duty of loyalty. Harris has moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Because ACI has not shown that Harris is properly subject to the personal jurisdiction of this court, Harris' motion will be granted.[1]

BACKGROUND

Harris is not a resident of the District of Columbia ("District"). His uncontroverted affidavit establishes that he was born in Louisiana, has lived there all his life, and has

---

[1] Relying on the abstention rule that follows from Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277 (1995), Harris also filed a separate motion to dismiss, transfer venue, or stay these proceedings. These arguments are not addressed here and that motion will be denied as moot.

- 2 -

worked only in Louisiana and Arkansas.  In 2005, Harris accepted employment with ACI, a company based in the District of Columbia.  Harris' employment letter, filed as an exhibit to his declaration, identified his position as a business development manager for territory in Louisiana and Arkansas, and stated that he would be paid a salary and a sales commission.  In connection with his employment, Harris attended one training session in the District of Columbia, one in Maryland, and one in Virginia.  His ACI primary contact was based in Florida, and he communicated with her by email and telephone.  On occasion, he initiated communications with ACI headquarters in the District of Columbia by telephone or email.  In December 2006, after ACI did not pay Harris a commission to which he believed he was entitled under his contract, he resigned.

Harris filed suit against ACI in the United States District Court for the Southern District of New York, which questioned whether the case should be transferred to another venue.  Harris then determined to file suit in state court in Louisiana, voluntarily dismissed his action in the Southern District of New York, and notified ACI of his action and intention.  In the 24 hours that lapsed between the time Harris dismissed his action in the Southern District of New York and the time he filed suit in Louisiana, ACI filed this action, which arises out of Harris' work performance in Louisiana.  Harris filed a motion to dismiss

- 3 -

for lack of personal jurisdiction.  ACI opposes, asserting that personal jurisdiction over Harris is established under the District of Columbia's long-arm statute relating to "transacting any business in the District of Columbia," D.C. Code § 13-423(a)(1).  (See Pl.'s Mem. of Law in Opp'n to Def.'s Second Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) at 4.)

DISCUSSION

A plaintiff bears the burden of alleging facts sufficient to make a prima facie showing establishing personal jurisdiction. Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005).  A court determines whether it may constitutionally exercise personal jurisdiction over a nonresident defendant by determining whether the defendant is subject to jurisdiction under the applicable long-arm statute, and if so, whether exercising jurisdiction is consistent with the constitutional requirements of due process. GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Because the "transacting business" provision of the District's long-arm statute is coextensive with the fifth amendment's due process clause, only a due process analysis is necessary here.  Holder v. Haarmann & Reimer Corp., 779 A.2d 264, 269 (D.C. 2001) (citing Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 329 (D.C. 2000)).

ACI argues that Harris' contacts with the District are sufficient to establish personal jurisdiction because ACI is

- 4 -

based in the District and Harris entered into an employment contract with ACI, generated revenue that benefitted ACI, and performed work that had an effect on ACI's business, reputation and good will.

ACI's argument is contrary to well-established case law. A defendant is subject to personal jurisdiction only if he has "minimum contacts with [the forum jurisdiction] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The defendant's activities and contacts within the forum must be extensive enough that "he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "This 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from the alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citations omitted). More specifically, "to satisfy the due process requirements associated with the . . . exercise of personal jurisdiction over a nonresident defendant under section 13-423(a)(1) [of the D.C. Code], the plaintiff must show that the defendant has purposefully engaged in some type of commercial or business-related activity directed at District residents."

- 5 -

Holder, 779 A.2d at 270-71 (citing Shoppers Food Warehouse, 746 A.2d at 330-31)).  "'This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . 'attenuated' contacts . . . or of the unilateral activity of another party or a third person. . . . Jurisdiction is proper [only] where the contacts [between the defendant and the forum] proximately result from actions by the defendant **himself** that create a substantial connection with the forum State.'"  Id. (quoting Burger King, 471 U.S. at 475).

   The fact that Harris was employed by a company based in the District is not enough to subject him to personal jurisdiction in the District.  Burger King, 471 U.S. at 478 (stating that an individual's contract with an out-of-state party cannot alone establish sufficient minimum contacts in the other party's home forum).  ACI does not dispute that, by contractual agreement and in fact, Harris' own business activities were directed solely at Louisiana and Arkansas residents.  Harris' few fleeting contacts with the District -- directing mail, email and telephone calls to his employer and attending one training program -- were not directed at District residents and did not give rise to this litigation.  Under these circumstances, exercising personal jurisdiction over Harris in this forum would run afoul of the due process clause.  Accordingly, Harris' motion to dismiss for lack of personal jurisdiction will be granted.

- 6 -

<u>CONCLUSION</u>

Because ACI has not shown that Harris directed any business activities at the residents of the District, he is not subject to personal jurisdiction under the "transacting business" provision of the District's long arm statute, and this action will be dismissed.  Because this action will be dismissed, the arguments Harris raises in his other motion to dismiss, transfer, or stay will not be considered, and that motion will be denied as moot. An appropriate order accompanies this memorandum opinion.

SIGNED this 23rd day of July, 2007.

                                               /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge